# JOHN BOYD
## V.
# JACOB LAMMERT.

1. CHANCERY—ENJOINING REMOVAL OF FENCE.—A bill to enjoin appellee from removing his part of a division fence. *Held*, that the demurrer to such bill was properly sustained. If, after building his part of a division fence appellee desires to let his land lie open he may do so and thereby avoid any liability to contribute to the erection of his neighbor's fence.

2. PARTITION FENCES.—Under the statute, when adjoining owners both desire to inclose their lands they are *required* to join in the erection of a partition fence. If, however, either party desires to let his adjoining land lie open he may remove his part of such fence by giving one year's notice in writing to the adjoining owner, unless such adjoining owner shall cause the value of said fence to be ascertained by fence viewers and pay or tender the same as provided in sections 3 and 14 of chapter 54, R. S.

Boyd v. Lammert.

Appeal from the Circuit Court of Perry county ; the Hon. George W. Wall, Judge, presiding.  Opinion filed April 15, 1886.

Mr. John Boyd and Mr. L. Hammack, for appellant.

Mr. R. M. Davis, for appellee.

Wilkin, J.  Appellant and appellee are adjoining land owners having a partition fence dividing their lands.  On the 5th day of September, 1885, appellee served a written notice on appellant that at the expiration of twelve months he would remove his portion of such fence and that from and after that date he would keep and maintain a fence built on his own lands if he should see fit so to do.  On the 17th of the same month, appellant filed this bill.  The bill is quite lengthy, containing many averments wholly foreign to any issue that could possibly ·be made thereon.  At the November term, 1885, a demurrer was sustained to it, and that decision is assigned for error and the case brought here by appeal.  Stripped of all superfluities the bill is one to enjoin the appellee from removing his part of a division fence.  The whole subject of partition fences and the rights of adjoining owners in this State is regulated by statute.  If adjoining owners both choose to have their lands inclosed, " they shall each make and maintain a just proportion of the division fence between them."  Sec. 3, Chapter 54, R. S.  If either chooses to let his adjoining land lie open, he can not be compelled to build any part of a partition fence, and if, after having built his proper proportion of a division fence he afterward desires to let his land lie open again, he may remove his part of such fence by giving one year's notice in writing to the adjoining owner, unless such adjoining owner shall cause the value of said fence to be ascertained by fence viewers and pay or tender the same as provided in sections 3 and. 14, chapter 54, *supra*.  If fence viewers had not been appointed, as c'aimed by appellant, there was plenty of time in which he could have procured their appointment, and hence there was no necessity for resorting to a court of equity on that account.

Boyd v. Lammert.

We do not agree with counsel for appellee in the position that "a man is not bound to join fences with his neighbor, nor let his neighbor join with him" without qualification. It is clear from the provisions of chapter 54, *supra*, that when adjoining owners both desire to inclose their lands, they are required to join in the erection of a partition fence. In this respect the law is wiser than spiteful and quarrelsome neighbors are sometimes disposed to be, who would manifest their ill will by building an entire line of fence themselves, in order that they may put their neighbor to a like necessary expense, thus having two fences built against or so close to each other as to answer the purpose of but one. If an adjoining owner desires to ornament his premises with such a fence, he may have that right, but he can not in that way avoid contributing his proportionate part to the erection and maintenance of a partition fence. If, however, either party desires to let his adjoining land lie open, he may unquestionably do so, and thereby avoid any liability to contribute to the erection of his neighbor's fence. He may only desire to let so much of his land lie open as he wishes to use for a road or other proper purpose, and this he may do and not be liable for any part of the expense of erecting a fence on the line between his lands and that of a neighbor. The most that can be claimed from the allegations of this bill is that the appellee contemplates building a fence on his own land, not intending to let any portion of it lie open. In other words, that he purposes continuing his land in an inclosure but intends to refuse to join fences with appellant. If he should attempt to carry out such a purpose the remedy will be ample and complete by the very terms of the statute. The attempt to sustain the bill upon the ground that it is a bill to enjoin a threatened nuisance or to prevent irreparable injury is futile.

The judgment of the court in sustaining the demurrer was clearly right and is affirmed.                    Affirmed.